UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDWARD FULTON,

                Plaintiff,

v.

VIRGINIA MASON HOSPITAL,

                Defendant.

Case No. C14-0145-JCC-MAT

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND GRANTING MOTION TO EXTEND TIME

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff submitted his civil rights complaint to the Court for filing on January 29, 2014. (Dkt. 1.) On February 14, 2014, this Court issued an Order directing plaintiff to show cause, within 30 days, why this action should not be dismissed based upon his failure to identify in his complaint any cognizable ground for relief or any viable defendant. (Dkt. 5.) On February 20, 2014, the Court received a letter from plaintiff in which he moved the Court to appoint counsel. (Dkt. 6.) Plaintiff also moved the Court to permit him to add a defendant to this action or, in the alternative, to extend the show cause deadline. (Dkt. 6.) The Court, having reviewed plaintiff's motions, and the balance of the record, hereby finds and ORDERS as follows:

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL AND GRANTING
MOTION TO EXTEND TIME - 1

01        (1)     Plaintiff's motion to appoint counsel (Dkt. 6) is DENIED.  There is no right to
02  have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under
03  28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*,
04  the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328,
05  1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v.*
06  *Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an
07  evaluation of both the likelihood of success on the merits and the ability of the plaintiff to
08  articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*,
09  789 F.2d at 1331.
10        Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that,
11  in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se.
12  Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which
13  warrant appointment of counsel at the present time.
14        (2)     Plaintiff's motion to add a defendant or, in the alternative, to extend the show
15  cause deadline (Dkt. 6) is DENIED in part and GRANTED in part.  Plaintiff seeks leave to add
16  the "Designated Mental Health Professional" as a defendant in this action as this is the
17  individual who plaintiff claims recommended he be committed to Virginia Mason Hospital for
18  psychiatric treatment.  Plaintiff fails, however, to identify this individual with sufficient
19  specificity to permit the addition of this individual as a defendant to this action.  Plaintiff also
20  fails to allege any cause of action against this proposed defendant.  Accordingly, plaintiff will
21  not be permitted to add the "Designated Mental Health Professional" as a defendant.
22        Plaintiff will, however, be granted a brief period of additional time to respond to the

01  Order to Show Cause in light of the above rulings.  Plaintiff is directed to file his response to

02  the Order to Show Cause not later than *May 1, 2014*.  Failure to file a response by that deadline

03  will result in a recommendation that this action be dismissed.

04          (3)     The Clerk is directed to send a copy of this Order to plaintiff and to the

05  Honorable John C. Coughenour.

06          DATED this 28th day of March, 2014.

*[signature]*

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO APPOINT COUNSEL AND GRANTING
MOTION TO EXTEND TIME - 3